IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO. 15-612 (PAD) |
| HÉCTOR VEGA-RIVERA (6), | |
| Defendant. | |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Héctor Vega-Rivera was charged in a multi-defendant Indictment with one count of bank fraud and with conspiracy to commit bank fraud (Docket No. 7). Before the court is Vega's "Motion to Dismiss the Indictment" (Docket No. 88), which the government opposed (Docket No. 92). For the reasons explained below, the motion is DENIED.

I. BACKGROUND

On October 1, 2015, a Grand Jury indicted Vega-Rivera with one count of bank fraud and another of conspiracy to commit bank fraud in violation of Title 18 U.S.C. §§ 1344, 1349 and 2 (Docket No. 1). He moved to dismiss the Indictment alleging that his involvement in one single transaction without mentioning him but for that transaction does not support the assertion that he participated in a complex conspiracy (Docket No. 88 at pp. 3, 10).[1] He claims the Indictment is "duplicitous," for it charges more than one offense in a single count in violation of Federal Rule

---

[1] He also denies any participation in a conspiracy. The motion is silent as to Count Three of the Indictment, which charges him with a separate violation of 18 U.S.C. § 1344 (bank fraud).

United States v. Héctor Vega-Rivera
Criminal No. 15-612 (PAD)
Opinion and Order
Page 2

of Criminal Procedure 8(a).  On that basis, he asks that the Indictment be dismissed against him. Id.  The government counters that the Indictment sufficiently alleges a single conspiracy to devise a scheme to defraud Banco Popular ("BPPR") and illegally obtain funds under the BPPR's control (Docket No. 92).

## II.    DISCUSSION

An indictment is impermissibly duplicitous if it joins, in a single count, two or more distinct offenses.  United States v. Prieto, 812 F.3d 6, 11 (1st Cir. 2016)(internal citations omitted).  The prohibition is born out of the concern that a criminal defendant facing such an indictment might not know which charge to prepare to defend against, and the jury could find the defendant guilty without actually reaching unanimity as to the offenses charged.  Id.

Whether a single conspiracy existed depends on the following factors: (1) the existence of a common purpose; (2) interdependence of various elements in the overall plan; and (3) overlap among the participants.  United States v. Negrón-Sostre, 790 F.3d 295, 309 (1st Cir. 2015) (internal citations and quotations omitted).  It may consist of multiple transactions and players.  United States v. Paz-Álvarez, 799 F.3d 12, 30 (1st Cir. 2015).

Paragraphs 7-15 of the Indictment identify various members of the conspiracy (including Vega in paragraph 12); paragraph 17 refers to the time frame of the conspiracy (from in or about July 2014 to in or about April 2015); and paragraph 18 brings forth the object of the conspiracy (to execute a scheme and artifice to defraud and fraudulently obtain money from BPPR). Moreover, as detailed in paragraphs 20-52, the co-conspirators executed the scheme pretending to be other co-conspirators, providing false employment, income and residency information which was followed up by co-conspirators traveling to the BPPR branch, to submit fraudulent documentations, and illegally obtain loans proceeds together.  As per paragraph 27, after cashing

the loan checks, members of the conspiracy would divide the proceeds. And the means and overacts of the conspiracy are listed in paragraphs 19-53 of the Indictment, including specific allegations in support of a common purpose, interdependence in the overall plan, and an overlap among the participants. The Indictment is not duplicitous and properly alleges the existence of a single conspiracy.[2]

That Vega was sentenced in state court, for a serious crime committed on November 19, 2014 (during the conspiracy) does not alter this conclusion. Not all of the coconspirators have to know of or have contact with all other members, nor must they know all of the details of the conspiracy or participate in every act in furtherance of it. United States v. Negrón-Sostre, 790 F.3d 295, 308-309 (1st Cir. 2015) (quoting United States v. Martínez-Medina, 279 F.3d 105, 113 (1st Cir. 2002)).

Finally, Vega argues that the government's evidence at trial will not support his participation in the conspiracy or knowledge of the existence of the conspiracy's broader scope by participating "in one single transaction" (Docket No. 88 at p. 8). But as correctly noted by the government, Vega can properly request a multi-conspiracy jury instruction depending on the evidence presented at trial. After all, "[w]hether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." United States v. Mena-Robles, 4 F.3d 1026, 1033 (1st Cir. 1993).

---

[2] Interestingly, the First Circuit has noted that if an indictment charges conspiracy in separate counts, it does not mean that the conspiracies charged necessarily must be separate and distinct. United States v. Fisher, 3 F.3d 456, 459 (1st Cir. 1993).


<u>United States</u> v. <u>Héctor Vega-Rivera</u>
Criminal No. 15-612 (PAD)
Opinion and Order
Page 4

### III.   CONCLUSION

For the reasons previously stated, the court finds that Count One adequately pleads a single conspiracy. As such, Vega's "Motion to Dismiss the Indictment" (Docket No. 88) is DENIED. The Status Conference set for June 15, 2016, at 9:30 a.m. in Courtroom 3 as to all defendants remains.

**SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of May, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE